Monte Ellis WILLIAMS, Appellee,

v.

STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellant.

No. 73348.

Court of Appeals of Oklahoma, Division No. 4.

April 17, 1990.

Cheryl A. Ramsey, Szlichta, Ramsey & Meyers, Stillwater, for appellee.

Blair Easley, Jr., Oklahoma City, for appellant.

BRIGHTMIRE, Chief Judge.

The issue raised in this driver's license revocation case is whether the trial court erroneously concluded that a statutorily mandated unmodifiable one-year revocation was an unconstitutional denial of due process because it deprived the plaintiff of his license without affording him an opportunity to have the revocation judicially modified on the ground of extreme and unusual hardship.

## I

The plaintiff-appellee, Monte Williams, was arrested in Perry, Oklahoma, on November 6, 1988, for suspicion of driving under the influence of alcohol. He voluntarily submitted to a breath test and the officer reported a blood-alcohol content of 0.19. Williams was charged with driving under the influence of intoxicants. Because his record revealed a previous alcohol-related revocation within the preceding five years, Williams came within statutory provisions which make it mandatory to revoke his driver's license for one year without modification. A revocation order was entered "by stipulation of the parties," fol-

lowing which Williams appealed to the commissioner of the Department for a hardship modification of the revocation order. Following an administrative hearing the order was affirmed.

On April 7, 1989, Williams filed a petition in district court alleging that the revocation order should be modified, notwithstanding the earlier stipulation, because it imposes an extreme and unusual hardship on him. The matter was heard at which time the trial court held the mandatory one-year revocation to be "unconstitutional," as a preliminary matter insofar as the statute purports to deprive a litigant of a "due process" right to have a court pass on a hardship modification. The court then proceeded to hear the plaintiff's motion to modify and found that the plaintiff had shown by a preponderance of the evidence that a total revocation would impose upon him an extreme and unusual hardship in that he had no other means of transportation and being able to drive was essential to a continuation of his employment and ability to earn a living. Consequently, the court sustained the revocation for a period of 365 days commencing June 1, 1989, but ordered that it "shall be modified by the defendant to allow the plaintiff limited driving privileges" from 7:00 a.m. to 7:00 p.m. Monday through Saturday to drive from his residence in Perry, Oklahoma, to his place of employment in Orlando, Oklahoma. The court further ordered that the plaintiff may drive at "no other times and for no other purposes."

The defendant Department of Public Safety appeals complaining that the trial court erred in holding subject statute unconstitutional and modifying the revocation order.

## II

In its petition in error the Department of Public Safety contends that the licensee's appeal to the district court should have been "dismissed for the Court's lack of jurisdiction over a mandatory revocation" and that the Department "objected to any grant by the Court to modify Williams' driver's license." We thus have two issues to review: (1) Whether the district court had jurisdiction to review the license revocation order; and (2) whether the district court had jurisdiction to modify the statutory revocation period.

The licensee contends that the trial court "held the portion of 47 O.S. [Supp.1989 §] 6–205.1(a)(3) and (c) unconstitutional for the reason that the statute took away all rights of appeal of an officer's affidavit" and "thus denied him due process."[1]

We are unable to agree with the licensee's identification of the legal premise underlying the court's conclusion of unconstitutionality. In its order the trial court simply stated that "the mandatory nature of the plaintiff's one-year revocation is unconstitutional." The record shows nothing more. And following this the court proceeded to impose a modified one-year revocation.

Title 47 addresses suspension, cancellation and revocation of driver's licenses in two separate statutes relevant to the facts of this case—§§ 6–205 and 6–211—and in the implied consent statutes, §§ 751 through 761. These statutory provisions inter-digitate to establish the prerequisites of alcohol-related arrests, tests, orders of revocation, administrative appeals, district court reviews and periods of revocation.

1. Subject statute reads:
   "(a) The driver's license or driving privilege of a person who is convicted of any offense as provided in [§ 6–205] or a person who has refused to submit to a test or tests as provided in Section 753 ... or a person whose alcohol concentration is ten-hundredths (0.10) or more ... shall be revoked or denied ... for the following period, as applicable:
   . . . .
   3. ... a period of one (1) year if within five (5) years preceding the date of arrest

relating thereto, a prior revocation [is] shown by the Department's records. *Such period shall not be modified;*
   . . . .
   (c) Each period of license revocation not subject to modification *shall be mandatory* and *neither the Department nor any court shall grant a license or permit to drive a motor vehicle based upon hardship or otherwise for the duration of such period."* (Emphasis added.)

Title 47 O.S.Supp.1989 §§ 6–205(a)[2] and 6–211(a)[3] relate to *post-conviction* license revocations. They provide that when an enumerated felony conviction occurs a license revocation becomes mandatory *without* the right to appeal to the district court. In such cases there is no procedural due process deprivation, however, because the licensee *has* been afforded a hearing with regard to the predicate for the revocation—the alleged crime—and if it results in a conviction the Department's revocation is simply a ministerial function after "receiving a record of such operator's or chauffeur's conviction."[4]

On the other hand a license may be revoked for violations of the implied consent laws—47 O.S.Supp.1989 §§ 751 through 761. In the event of an implied consent law revocation the licensee may challenge the revocation in an administrative hearing before the Commissioner of the Department of Public Safety[5] from whose order the licensee has a right of appeal to the district court.[6] Such appeals are governed by § 6–211, which vests the district court with "appellate jurisdiction [to] hear said petition de novo." The burden of proof in the district court is upon the Department to establish the validity of the underlying bases for the revocation, i.e., (1) the arresting officer's affidavit of probable cause, and (2) the circumstances, procedure and results of chemical testing. *Price v. Reed,* 725 P.2d 1254 (Okl.1986); *Appeal of Dungan,* 681 P.2d 750 (Okl.1984).

If that burden is met, the licensee becomes subject to the periods of revocation set out in § 6–205.1, which are subject to modification for "extreme and unusual hardship" under § 755 *unless* modification is prohibited by § 6–205.1, as in the case of a licensee who has a previous implied consent violation within the preceding five years—the situation which we have in the present appeal.

To recapitulate, not only is the district court vested with jurisdiction to review implied consent revocations, but it has a duty to hold a trial de novo in which the Department is required to prove the validity of the underlying grounds for the revocation by a preponderance of the evidence. If that burden is satisfied, the revocation periods set out in § 6–205.1 take effect. And, if the revocation period is mandatory, the court is without jurisdiction to modify it regardless of "extreme and unusual hardship."

### III

Turning now to the facts of the case at bar, we note that Williams does not dispute the legality of his arrest or the validity of the breath test results. He says he "is not arguing with the length of suspension or that his license should be suspended, [but] *only* that the Trial Court [should] have the right to consider granting a modification of the suspension." His primary thesis is that once the legality of the underlying revocation is established, due process requires that the trial court be given jurisdiction to modify the revocation on the ground of extreme and unusual hardship. At the same time, Williams concedes that the

2.  "(a) The Department of Public Safety shall forthwith revoke the license of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction in any court of any of the following offenses, when such conviction has become final...."

3.  "(a) Any person denied a license, or whose license has been canceled, suspended or revoked by the Department, *except where such cancellation, denial or revocation is mandatory,* under the provisions of Section 6–205 of this title, shall have the right to file a petition in the district court as hereinafter provided. Such district court is hereby vested with *original jurisdiction* to hear said petition, *except that in case of an appeal from a driver's license revocation under the implied consent laws as provided in Sections 753 and 754 of this title, the court is hereby vested with appellate jurisdiction and shall hear said petition de novo."* (Emphasis added.)

4.  Section 6–205 states that "the Department shall not additionally revoke such license pursuant to this subsection if the person's driving privilege has been revoked because of a test result or test refusal pursuant to an implied consent law arising from the same circumstances which resulted in the conviction."

5.  § 754.

6.  § 755.

"State of Oklahoma does have the right to regulate traffic over the highways and may impose reasonable restrictions and regulations over the use of the highways." Nevertheless, he says "due process must be followed." In other words, as we understand it, Williams' complaint concerns substantive rather than procedural due process.

The fundamental requisites of procedural due process are notice, the right to be heard before a fair and impartial tribunal having jurisdiction over the subject matter, and the right to confront witnesses. Substantive due process requires that a law shall not be unreasonable, arbitrary, or capricious and that the means selected shall have a reasonable and substantial relation to the objective being sought. *Nebbia v. People of State of New York*, 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940 (1934); *City of Edmond v. Wakefield*, 537 P.2d 1211 (Okl.1975).

Williams had an opportunity to be heard at both the administrative and district court levels concerning the basis for the state action taken in arresting him and revoking his license. He does not complain of a deprivation in this regard. Thus, procedural due process was satisfied.

In enacting § 6–205.1(a)(3) and (c) (effective November 1, 1988), the legislature addressed an important state interest—the protection of its citizens from the threatened dangers of drunk drivers operating motor vehicles on public roads. One means of trying to do so was the enactment of subject statutes requiring that the driver's licenses of certain repeat offenders of the implied consent statutes be revoked for the prescribed periods and that "neither the Department nor any court shall grant a license or permit to drive a motor vehicle based upon hardship or otherwise for the duration of such period." § 6–205.1(c). We cannot say that the statutory enactment of that policy is arbitrary, unreasonable or capricious considering the gravity of the perils inherent in the use of a public way by a mentally impaired licensee. Protection of the public from the potentially harmful consequences of driving under the influence of intoxicants is a legitimate and important state interest. Requiring an unmodifiable revocation after a second offense is not an unreasonable or arbitrary means of promoting such protection.

## IV

The judgment appealed is therefore reversed and the cause is remanded with directions to reinstate the Department's revocation of Williams' driver's license for 365 days from the effective date of the reinstatement.

REIF and STUBBLEFIELD, JJ., concur.