Gary L. PHILLIPS, Appellee,

v.

The STATE of Oklahoma, ex rel. DEPARTMENT of PUBLIC SAFETY, Appellant.

No. 79146.

Court of Appeals of Oklahoma, Division No. 1.

April 28, 1992.

## MEMORANDUM OPINION

GARRETT, Presiding Judge.

Appellee Gary L. Phillips (Phillips) was arrested on May 26, 1991, for driving under the influence (DUI). At the time of the arrest, he refused to take a breath test. He was given an "Officer's Affidavit and Notice of Revocation", informing him his driver's license would be revoked under Oklahoma's Implied Consent Law. He requested a hearing before the Appellant, Department of Public Safety (DPS), and on July 24, 1991, DPS set aside the proposed revocation of his license which was based on the Implied Consent Law.

Phillips subsequently pled guilty and was convicted of DUI. On November 23, 1991, DPS revoked his license under 47 O.S.Supp. 1990 § 6–205(A)(2). Phillips appealed this revocation to the district court of Comanche County, purportedly "for the Court to determine the propriety of said Order of Revocation." The court set aside this revocation. The court found that the revocation under the implied consent law constituted a "prior revocation". Thus, the court held, 47 O.S.Supp.1990 § 6–205(A)(2) precluded an additional revocation based upon the criminal conviction. DPS appeals.

In this appeal, DPS raises the following propositions of error:

(1) The district court did not have jurisdiction to consider the propriety of Phillips' revocation; and,

(2) The court improperly concluded that there was a previous revocation for purposes of 47 O.S.Supp.1990 § 6–205(a)(2).

The statute on mandatory revocation pertinent to this appeal is 47 O.S.Supp.1990 § 6–205(A)(2):

A. The Department of Public Safety shall forthwith revoke the driver's license or driving privilege of any person upon receiving a record of conviction in any court of any of the following of-

Cara Epps Clifton, Oklahoma City, for appellant.

Joe W. Hamlin, Lawton, for appellee.

fenses, when such conviction has become final:

.    .    .    .    .

2. Driving or being in actual physical control of a motor vehicle while under the influence of alcohol or any other intoxicating substance or the combined influence of alcohol and any other intoxicating substance provided however, the Department shall not additionally revoke such license pursuant to this subsection if the person's driving privilege has been revoked because of a test result or test refusal pursuant to an implied consent law arising from the same circumstances which resulted in the conviction; ....

The implied consent law relating to revocation of drivers' licenses is found at 47 O.S.Supp.1990 §§ 753, 754. Section 754 requires the arresting officer to seize the driver's license and give the driver a receipt which is recognized as a license to drive for a period of not longer than thirty (30) days. The receipt form "shall contain and constitute a notice of revocation of driving privilege by the Department of Public Safety *effective in thirty (30) days.*" 47 O.S.Supp.1990 § 754(B). (Emphasis added).

■ In the instant case, Phillips timely appealed the "revocation" received under the implied consent law, and he never lost his driving privileges. The "revocation", under the implied consent law, never occurred. We hold that the notice of revocation under § 754 is not a revocation, for purposes of § 6–205(A)(2), until the revocation becomes effective. The timely filing of an appeal delays the effectiveness of the revocation until the hearing is held and a decision is made. See the definition of "revocation", found at 47 O.S.1981 § 1–155:

The termination by formal action of the Department of a person's driver's license or privilege to operate a motor vehicle on the public highways, which termination shall not be subject to renewal or restoration except that an application for a new license may be presented

and acted upon by the Department after the expiration of the period of revocation as hereinafter provided.

In this case, the "revocation" of the license under the implied consent law never became effective. Phillips' right to drive was never terminated. Thus no "revocation" ever existed under the implied consent law.

However, after the conviction of DUI became final, revocation under § 6–205(A)(2) was mandatory. DPS did not "additionally revoke" Phillips' license under that section; revocation after his DUI conviction was the first revocation Phillips received.

■ We agree with DPS that the district court had no jurisdiction to hear Phillips' appeal. See 47 O.S.Supp.1990 § 6–211(A), Right to Appeal to Court:

A. Any person denied a license, or whose license has been canceled, suspended or revoked by the Department, *except where such cancellation, denial or revocation is mandatory, under the provisions of Section 6–205 of this title,* shall have the right to file a petition in the district court as hereinafter provided. Such district court is hereby vested with original jurisdiction to hear said petition, except that in case of an appeal from a driver's license revocation under the implied consent laws as provided in Sections 753 and 754 of this title, the court is hereby vested with appellate jurisdiction and shall hear said petition de novo. (Emphasis added).

The issue before the district court in this case was not an appeal under the implied consent law. It was an attempted appeal from the revocation based on Phillips' DUI conviction. The district court has no jurisdiction to hear an appeal from a drivers license revocation mandated by 47 O.S.Supp.1990 § 6–205(A)(2).

The order of the district court which set aside the revocation of Phillips' driver's license is reversed. This case is remanded to the trial court with directions to vacate

the order and to dismiss the purported appeal.

REVERSED AND REMANDED WITH DIRECTIONS.

BAILEY, J., concurs.

ADAMS, J., concurs in result: Because I agree the trial court lacked jurisdiction, I concur on the result reached by the majority. However, having found no jurisdiction existed, I would not reach the remaining issues decided by the majority.