2005 OK CIV APP 35

**Eric Lee KENNEDY, Plaintiff/Appellee,**

**v.**

**STATE of Oklahoma, ex rel., DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellant.**

**No. 100,737.**

Court of Civil Appeals of Oklahoma, Division No. 4.

April 19, 2005.

John C. Branch, Oklahoma City, OK, for Plaintiff/Appellee.

Jerry C. Blackburn, State of Oklahoma Department of Public Safety, Oklahoma City, OK, for Defendant/Appellant.

Opinion by KEITH RAPP, Vice Chief Judge:

¶ 1 The trial court defendant, State of Oklahoma, ex rel. Department of Public Safety (DPS), appeals a judgment in favor of the trial court plaintiff, Eric Lee Kennedy (Kennedy), setting aside the revocation of his driver's license.

## BACKGROUND

¶ 2 In February 2002, Kennedy was stopped by a Blanchard, Oklahoma police officer while driving his vehicle. The reason for the stop is not shown in the record and it does not appear from the record and testimony that any traffic citation was issued.[1]

¶ 3 The police officer searched the vehicle and discovered a "roach paper."[2] Kennedy was then given a ticket citation for possession of marijuana.[3] He was never advised of the consequences of the charge, either concerning the penalty or the effect on his driving privileges, by any official or court.

¶ 4 Kennedy did not appear in the Blanchard municipal court. His step-father, who is not an attorney, went to a clerk's office and paid the ticket fine.[4] He did not appear

before a judge. Although the ticket, and any disposition orders or judgments concerning the ticket, are not in evidence, the parties state that the city record shows a plea of *nolo contendere.*

¶ 5 The parties further state that thereafter Blanchard officials forwarded the ticket to DPS and that DPS issued a notice of revocation based upon 47 O.S.2001, § 6–205(A)(6).[5] It is undisputed that simple possession of marijuana is a violation falling under Section 6–205(A)(6).

¶ 6 After receipt of the notice from DPS, Kennedy requested a DPS hearing for a modification of the suspension. After a hearing, the DPS declined to modify the revocation. Kennedy then filed this action in district court seeking either a modification of the revocation or nullification of the revocation. The trial court conducted a trial *de novo.*

¶ 7 In district court, DPS called the hearing officer· as its only witness. No exhibits were offered or admitted into evidence. The hearing officer testified that he interviewed Kennedy and that Kennedy admitted to a recent use of marijuana and alcohol. The hearing officer decided not to modify the revocation for this reason.

¶ 8 Kennedy called his step-father as a witness. His step-father testified that he went to the Blanchard City Hall and paid the ticket to the clerk. He did not see a judge and he is not a lawyer. Next, Kennedy testified as to the stop, receipt of the ticket, and the absence of any advice as to the

---

1. The police officer did not testify and no records or ordinances were offered into evidence.

2. The legitimacy of the search is not in issue here.

3. The ticket citation is not in the record, but it is clear from the uncontroverted evidence that the citation was a City of Blanchard citation. Copies of purported front and back of Kennedy's citation are appended to Kennedy's Brief. These are not certified or admitted into evidence. They cannot be considered. Okla. Sup.Ct. R. 1.11(i), 12 O.S. Supp.2004, ch.15, app.

4. It is unclear whether he went to the court clerk or to the city clerk.

5. This statute has since been amended. At the time applicable here the statute provided:

   A. The Department of Public Safety shall immediately revoke the driving privilege of any person, whether adult or juvenile, upon receiving a record of conviction in any municipal, state or federal court within the United States of any of the following offenses, when such conviction has become final:

   . . . .

   6. A misdemeanor or felony conviction for unlawfully possessing, distributing, dispensing, manufacturing or trafficking in a controlled dangerous substance as defined in the Uniform Controlled Dangerous Substances Act, Section 2–201 et seq. of Title 63 of the Oklahoma Statutes. . . .

consequences of the charge. He never appeared before a court on the charge. Kennedy also admitted he was present at the DPS interview and substantially confirmed the statements of the hearing officer.

¶ 9 The district court entered a general ruling in favor of Kennedy. Neither party requested findings of fact or conclusions of law and the district court made none. DPS appeals and, as briefed here, DPS claims error in that the district court did not have jurisdiction, Kennedy's plea and fine constituted a conviction for purposes of Section 6–205(A)(6), and Kennedy's plea was properly entered.

## KENNEDY'S MOTION TO DISMISS APPEAL

¶ 10 Kennedy seeks dismissal of this appeal as untimely. Kennedy, in advancing this argument, characterizes the trial court's minute order as sufficient to constitute a judgment meeting the statutory requirements for a judgment. 12 O.S.2001, § 696.3. The DPS appeal was filed more than thirty days after entry of this minute order, but timely when the date of the subsequent journal entry was filed.

¶ 11 Kennedy's motion is denied. The minute entry order is not, on its face, a final order. The trial court specifically provided that the recitals there were "all as per J.E." [6] The minute order is not the final judgment document triggering the appeal time deadline. 12 O.S.2001, § 696.2(D).

## STANDARD OF REVIEW

■ ¶ 12 This appeal presents questions of law. The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.*, 1996 OK 125, 932 P.2d 1100 n. 1.

## ANALYSIS AND REVIEW

■ ¶ 13 DPS first argues that the district court has no jurisdiction to entertain Kennedy's appeal. DPS cites 47 O.S.2001, § 6–211(A). In part, the statute reads:

A. Any person denied driving privileges, or whose driving privilege has been canceled, denied, suspended or revoked by the Department, *except where such cancellation, denial, suspension or revocation is mandatory, under the provisions of Section 6–205 of this title,* shall have the right of appeal to the district court as hereinafter provided. Proceedings before the district court shall be exempt from the provisions of the Oklahoma Pleading and Discovery codes, except that the appeal shall be by petition, without responsive pleadings. The district court is hereby vested with original jurisdiction to hear said petition. (Emphasis added.)

¶ 14 DPS relies upon the emphasized language and *Phillips v. State ex rel. Dept. of Public Safety,* 1992 OK CIV APP 51, 831 P.2d 3. The *Phillips* Court ruled that a district court has no jurisdiction to hear an appeal from a driver's license revocation mandated by 47 O.S. Supp.1990 § 6–205(A)(2), based upon Section 6–211(A).[7]

¶ 15 Thus, in the context of Kennedy's case, there are two courses of action involving the DPS. The first is a revocation based upon a relevant conviction.[8] The second is a modification of that revocation. In the latter case, Section 6–211 permits an appeal, *but* the merits of the revocation action are not to be considered. 47 O.S.2001, § 6–211(G). However, Section 211(G) speaks of a "hearing relating to a revocation pursuant to a conviction for an offense enumerated in Section 6–205" (and now adds Section 6–205.2).

¶ 16 In this Court's view, the district court in Section 6–205 conviction cases may review *whether* the driver is entitled to a modification, but in doing so, the propriety or merits of the revocation are not a part of the inqui-

---

6. Record, p. 21.

7. The circumstances in *Phillips* involved a revocation for a DUI offense pursuant to 47 O.S. Supp.1990 § 6–205(A)(2).

8. Revocations and suspensions of a driver's license may arise in other situations not pertinent here, such as under the implied consent law, failure to pay child support, and failure to pay for gasoline.

ry. The district court is concerned with and limited to whether the driver is entitled to driving privileges under the circumstances and facts in evidence. 47 O.S.2001, § 6–211(I).

¶ 17 The limitation imposed by preclusion of an appeal in conviction cases *proceeds with the assumption that a conviction exists.* Thus when, as in *Phillips,* a conviction has in fact occurred and a revocation of the convicted person's driving privilege is a consequence of the conviction, then the act of revocation is immune from judicial review according to the statute.

¶ 18 This immunity does *not* apply when the question is whether a conviction exists. Thus, *if* the driver is challenging the premise for the revocation, that is, the existence of a conviction, then the statute does not preclude an appeal on that narrow issue.[9]

¶ 19 Therefore, this Court holds that the district court has a limited range of jurisdiction to hear Kennedy's case. This review now proceeds accordingly.

### 1. Modification of Revocation

■ ¶ 20 The revocation imposed on Kennedy may be modified. 47 O.S.2001, § 6–205.1(A)(1). Section 6–205.1(A)(1) does not specify the criteria for modification. Section 6–211(I) directs the inquiry. The driving record is pertinent, as are facts, circumstances, and records relevant to whether the person is entitled to have driving privileges.

¶ 21 Here, the DPS hearing officer obviously was unimpressed with Kennedy's admissions to use of alcohol and marijuana subsequent to the Blanchard incident and use of marijuana as late as a few days before the hearing. No evidence was elicited showing

that any legal or equitable reasons were presented at the DPS hearing to justify modification.

¶ 22 The district court hearing did no more than confirm what transpired before the DPS hearing officer. Again, no evidence before the district court supported modification. The district court, at the hearing conclusion, did not modify the revocation, but set it aside completely. Assuming that completely setting aside the revocation is equivalent to a modification of the revocation, such result was not warranted under the statute and evidence before the district court. Thus, it was error for the district court to "modify" the revocation by setting it aside.

### 2. Existence of a Conviction

■ ¶ 23 The fact that the ticket was written for enforcement in municipal court is immaterial. 47 O.S.2001, § 6–205(A). Here, the record is devoid of proof from DPS of a conviction.[10] Absent from the record are: (a) any showing that Blanchard even has an ordinance covering the charge; and (b) a judgment and sentence.

¶ 24 Moreover, municipal court procedures are the same as provided by law for misdemeanors, unless otherwise provided by law. 11 O.S.2001, §§ 27–113, 28–120. The record does not reflect whether Blanchard's ordinance—if one of the nature asserted exists—established a penalty that entitled Kennedy to a jury trial and, if so, whether that right was explained to him and knowingly waived by him. *See* 11 O.S.2001, § 27–119.

¶ 25 Next, the failure of proof due to those evidentiary gaps is compounded by the manner in which a disposition of the ticket was reached when the non-attorney step-father simply paid the fine.[11] Thus, a serious ques-

9. Whether a conviction exists presents a different question from whether the acts committed by the accused suffice to prove a conviction. An appeal from the DPS does not concern itself with the latter question.

10. See note 3.

11. The statutory authority of the city court clerk does not include authority to accept pleas. 11 O.S.2001, §§ 27–109, 28–106. The record here does not reflect what sort of municipal court Blanchard's governing body established and

whether the Blanchard governing body established any fine system that a defendant may pay in lieu of appearance, assuming, but not deciding, that such a system would suffice for a nontraffic offense. *See* 11 O.S.2001, § 27–116. The trial court was not asked to take judicial notice of any ordinances, assuming compliance with the preparation and filing requirements of 11 O.S.2001, §§ 14–109 and 14–110. *See* 12 O.S.2001, § 2201(B)(1). If the ordinance calls for imprisonment, issues such as waiver of jury trial and right to counsel may intercede to nullify any conviction. *See* 22 O.S.2001, § 583; *Argersinger*

tion arises as to whether a conviction occurred.

¶ 26 Although the Court in *State v. Bridwell*, 1979 OK 37, 592 P.2d 520, was primarily concerned with whether the "conviction" there was final and whether the conviction that could be utilized in a professional license revocation matter, the Court did set out a universal requirement for a conviction. All convictions require an adjudication of guilt by a court based upon a plea or a verdict. *Id.* at ¶ 7, 592 P.2d at 524. Proof of that element is missing here.

¶ 27 Contrasted with the paucity of DPS' case are the following statements made by Kennedy.

—The Plaintiff is not making a collateral attack or asking that the City of Blanchard's conviction be vacated or set aside but that he be given his rights under U.S. Constitutional laws and Statutes of the State of Oklahoma.[12]

—The appellee/Plaintiff is not making a collateral attack or asking that the City of Blanchard's conviction be vacated or set aside but that he be given his rights under U.S. Constitutional laws and Statutes of the State of Oklahoma.[13]

¶ 28 Notwithstanding these statements which acknowledge a conviction, Kennedy here argues that the Blanchard disposition does not rise to the level of a conviction because of the step-father's involvement, which is in reality a collateral attack on the conviction. The result, according to his argument, is that the case was handled as a traffic case and not as a misdemeanor drug possession. The fallacy of Kennedy's argument is that if there is a conviction for a drug offense, then the license is revoked, so he had to attack the existence of a conviction, yet, by his statements before the district court, he appears not to do so.

¶ 29 It is not unusual for a trial court to be affirmed when a correct result is reached but for the wrong reasoning. *See Cooper v. Parker–Hughey*, 1995 OK 35, ¶ 28, 894 P.2d 1096, 1101. However, in this case, the parties and the trial court incorrectly perceived the scope and limitations on the court's power to review the revocation.

¶ 30 As this Court set out in its ruling above, the district court erred by setting aside the revocation based upon the record on whether Kennedy should receive a modification to the revocation. However, before there can be a revocation under Section 6–205(A)(6), there must exist a conviction. The existence of a conviction is the necessary requisite of the revocation and its existence must be fully litigated in the district court and in accord with the views expressed herein. The appellate court will not make first instance determinations of disputed issues as that is the function of the district court. *Bivins v. State ex rel. Oklahoma Mem. Hosp.*, 1996 OK 5, ¶ 19, 917 P.2d 456, 464.

¶ 31 Therefore, the judgment of the district court is reversed and the cause is remanded for further proceedings in accord with this Opinion.

¶ 32 REVERSED AND THE CAUSE IS REMANDED FOR FURTHER PROCEEDINGS IN ACCORD WITH THIS OPINION.

GOODMAN, P.J., and STUBBLEFIELD, J., concur.

---

*v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Fraizer v. City of Tulsa*, 1973 OK CR 131, 507 P.2d 940 (prior to plea, defendant must be advised of right to jury trial and right to counsel when imprisonment is possible). Likewise, no authority was advanced in the record for such actions before a city clerk, if separate from the city's municipal court clerk.

12. Plaintiff's Response to Defendant's Trial Brief, record, p. 12 at 16. The context of the argument

was that Kennedy was asserting that the procedures available to youthful offenders and their driving privileges ought to apply to him also.

13. Kennedy's Appellate Brief, p. 12.