OSCN Found Document:ROULSTON v. STATE ex rel. DEPT. OF PUBLIC SAFETY

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 ROULSTON v. STATE ex rel. DEPT. OF PUBLIC SAFETY
2014 OK CIV APP 46
Case Number: 112006
Decided: 10/09/2013
Mandate Issued: 04/29/2014
DIVISION III
Comp. w/111697; 111699; 111752; 111960 & 112002
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2014 OK CIV APP 46, __ P.3d __

COURTNEY ROULSTON, Plaintiff/Appellee,
v.
STATE OF OKLAHOMA, ex rel., DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY, OKLAHOMA

HONORABLE JAMES B. CROY, JUDGE

AFFIRMED

A. DeAnn Taylor, Ardmore, Oklahoma, and John E. Hunsucker, Oklahoma City, Oklahoma, for Plaintiff/Appellee,
Mitchell Gray, Assistant General Counsel, Oklahoma City, Oklahoma, for Defendant/Appellant.

Bay Mitchell, Judge:

¶1 Defendant State of Oklahoma, ex rel., Department of Public Safety (DPS) appeals from a June 24, 2013 Final Order, wherein the trial court set aside the driver's license revocation order previously entered against Plaintiff/Appellee Courtney Roulston (Driver). The sole basis for setting aside the DPS Order was the trial court's determination that the arresting Officer's Affidavit was noncompliant with Oklahoma law. DPS appeals from this determination in this implied consent case.

¶2 The facts of the underlying stop and arrest are not in dispute. Driver was arrested for driving under the influence of alcohol. Driver refused to take the State's sobriety test, and was arrested on the basis of the Officer's personal observations of her condition and conduct. Driver was subsequently served with the Officer's Affidavit and Notice of Revocation/Disqualification. This form Affidavit was relied upon by DPS for the initial revocation of Driver's license.

¶3 After an administrative hearing, DPS issued an order revoking Driver's driving privileges. Driver appealed,[1] and the trial court ultimately set aside DPS's revocation order on the ground that the Officer's Affidavit does not comply with Oklahoma law.

¶4 The Affidavit identifies the Driver, her address, driver's license number and vehicle identification. Additionally, the form notes Driver's refusal to take the breath-alcohol analysis test. While the form contains a description of the Driver's driving behavior and/or circumstances of the arrest as well as a description of Driver's condition and actions, the only personal attestations of the Officer, which are reflected on the face of the form are as follows: (1) "I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct;" and (2) "I personally hand-delivered a copy of the above containing the Notice of Revocation to the person named in Section 1 above."

¶5 Driver argues the implied consent Officer's Affidavit was facially defective in that it failed to contain the Officer's sworn report specifically required in refusal cases by 47 O.S. §753 and in blood or breath test cases by §754(C)[2].

¶6 Section 753, which is applicable herein (where Driver has refused to submit to his/her blood or breath test) provides in pertinent part as follows:

The Commissioner of Public Safety, upon the receipt of a sworn report of the law enforcement officer that the officer had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public roads, highways, streets, turnpikes or other public place of this state while under the influence of alcohol, any other intoxicating substance, or the combined influence of alcohol and any other intoxicating substance and that the person had refused to submit to the test or tests, shall revoke the license to drive and any nonresident operating privilege for a period as provided by Section 6-205.1 of this title. . . .

Id. (emphasis added).

¶7 Driver contends the Affidavit is fatally flawed because it fails to include the statutorily required sworn report that the Officer had reasonable grounds to believe the arrested person had been driving a motor vehicle while under the influence of alcohol. On the other hand, DPS contends the Affidavit is sufficient on the basis of its inclusion of the factual description of the driving conduct and the Driver's condition, which under a totality of the circumstances analysis, "shows" probable cause to believe the arrestee had committed an alcohol-related offense.

¶8 On appeal from orders of implied consent revocations, an appellate court will not reverse the district court's findings unless they are erroneous as a matter of law or lack sufficient evidentiary foundation. Hollis v. State ex rel. Dep't of Public Safety, 2006 OK CIV APP 25, ¶4, 131 P.3d 145, cert. denied. Our review of this case requires statutory construction of §753. The primary goal of statutory construction is to ascertain and follow the intention of the Legislature. TRW/Reda Pump v. Brewington, 1992 OK 31, ¶5, 829 P.2d 15, 20. Furthermore, the plain meaning of a statute's language is conclusive except in the rare case when literal construction would produce a result demonstrably at odds with legislative intent. Samman v. Multiple Injury Trust Fund, 2001 OK 71, ¶13, 33 P.3d 302, 307; City of Tulsa v. Public Employees Relations Board, 1998 OK 92, ¶14, 967 P.2d 1214, 1220. The issue before us presents a question of law, which we review de novo. An appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. Kennedy v. State, ex rel. Dep't of Public Safety, 2005 OK CIV APP 35, ¶12, 114 P.3d 499, 501.

¶9 Our review of the applicable statutory language reveals a plain and unambiguous directive as to the express content of the Officer's sworn report. The statute mandates the sworn report expressly provide "that the officer had reasonable grounds to believe the arrested person had been driving . . . a motor vehicle . . . while under the influence . . ." §753 (emphasis added). Further, it is upon the Commissioner of Public Safety's receipt of this specific sworn report, which triggers the license revocation.

¶10 Construing an earlier version of §754, the Oklahoma Supreme Court in 1990 held the Officer's sworn report (that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol) is a "statutory prerequisite for DPS revocation" of a driver's license. Chase v. State ex rel. Dep't of Public Safety, 1990 OK 78, ¶4, 795 P.2d 1048, 1049 (construing a virtually identical statutory sworn statement content requirement as it existed in the governing statute at that time at 47 O.S. Supp. 1986 §754(3)).[3] A "patent deficiency in the statutorily required DPS material does indeed make the Department's revocation order vulnerable to invalidation, on timely appeal, for failure to meet the minimum legislatively prescribed standards for the DPS paperwork on which its administrative action must be rested." Id. ¶5, at 1050. In Chase, the Court held "that when, on appeal to the district court, the trial judge finds a DPS revocation order was issued on administrative documentation that fails to meet the minimum standards mandated by the applicable statute, the order should be set aside as fatally flawed." Id. ¶6, at 1050.

¶11 While the factual details in the Affidavit concerning the Driver's driving conduct and condition may constitute the actual grounds giving rise to the Officer's reasonable belief that the Driver had been driving under the influence, this specific statutorily required sworn statement regarding that belief is notably absent.[4] Because the Officer's Affidavit did not include the sworn report as required by statute as to the Officer's reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol, the evidence on which the administrative revocation action rested is patently deficient. Just as in Chase, we find the Affidavit upon which the revocation order rests fatally flawed as a matter of law and thus, that order was properly set aside by the trial court.

¶12 AFFIRMED.

HETHERINGTON, P.J., and GOREE, J., concur.

FOOTNOTES

[1] "A person whose driving privilege is revoked or denied or who is denied a hearing pursuant to Section 753 or 754 of this title may appeal to the district court in the county in which the arrest occurred relating to the test refusal or test result, as shown by the records of the Department." 47 O.S. 2011 §6-211(D).

[2] Section 754(C) provides in pertinent part as follows:

Upon receipt of a written blood or breath test report reflecting that the arrested person . . . if the arrested person is twenty-one (21) years of age or older, [had] a blood or breath alcohol concentration of eight-hundredths (0.08) or more, accompanied by a sworn report from a law enforcement officer that the officer had reasonable grounds to believe the arrested person had been operating or was in actual physical control of a motor vehicle while under the influence of alcohol as prohibited by law, the Department shall revoke or deny the driving privilege of the arrested person. . . .

Id. (emphasis added).

[3] Unlike the fatal defect in the affidavit at issue herein, a mere scrivener's error (such as an erroneous date on an Officer's affidavit) may be corrected by oral testimony. Clawson v. State ex rel. Dep't of Public Safety, 2007 OK CIV APP 89, 168 P.3d 258.

[4] Although not reflected in the record, Driver's appellate brief states the affidavit form being used by Oklahoma law enforcement which does not contain the statutory language from §753 or §754(C) only became problematic when the Model 8000 Intoxilizer was approved for use in Oklahoma. Driver states there was no issue with the form of the affidavits being used prior to that time. This implies that the affidavits used previously contained the required statutory language.






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 2005 OK CIV APP 35, 114 P.3d 499, KENNEDY v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed 2006 OK CIV APP 25, 131 P.3d 145, HOLLIS v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed 2007 OK CIV APP 89, 168 P.3d 258, CLAWSON v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 1990 OK 78, 795 P.2d 1048, 61 OBJ 2091, Chase v. State ex rel. Dept. of Public Safety
Discussed 1992 OK 31, 829 P.2d 15, 63 OBJ 682, TRW/Reda Pump v. Brewington
Discussed 2001 OK 71, 33 P.3d 302, 72 OBJ 2703, SAMMAN v. MULTIPLE INJURY TRUST FUND
Discussed 1998 OK 92, 967 P.2d 1214, 69 OBJ 3242, City of Tulsa v. State ex rel. Public Employees Relations Board
Discussed
Title 47. Motor Vehicles Cite
Name
Level 47 O.S. 6-211, Right of Appeal to Court
Cited 47 O.S. 754, Surrender or Seizure of License - Receipt as Temporary License - Revocation or Denial of Driving Privilege - Hearing
Cited 47 O.S. 753, Refusal to Submit to Test
Cited