SIMPSON v. STATE ex rel. v. DEPT. OF PUBLIC SAFETY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:SIMPSON v. STATE ex rel. v. DEPT. OF PUBLIC SAFETY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 SIMPSON v. STATE ex rel. v. DEPT. OF PUBLIC SAFETY
2020 OK CIV APP 34
Case Number: 118512
Decided: 04/23/2020
Mandate Issued: 06/17/2020
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2020 OK CIV APP 34, __ P.3d __

 

NATHAN TYLER SIMPSON, Plaintiff/Appellant,
v.
STATE OF OKLAHOMA ex rel. DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
TEXAS COUNTY, OKLAHOMA

HONORABLE A. CLARK JETT, TRIAL JUDGE

REVERSED

Christopher J. Liebman, Guymon, Oklahoma, for Plaintiff/Appellant

Garrett L. McKibben, ASSISTANT GENERAL COUNSEL, OKLAHOMA DEPARTMENT OF PUBLIC SAFETY, Oklahoma City, Oklahoma, for Defendant/Appellee

DEBORAH B. BARNES, PRESIDING JUDGE:

¶1 Nathan Tyler Simpson appeals from the district court's order filed on November 22, 2019, sustaining the revocation of his driver's license and denying his request for modified driving privileges. Based on our review, we conclude Mr. Simpson's driver's license was improperly revoked. Therefore, we reverse the district court's order and hereby reinstate Mr. Simpson's driving privileges.

BACKGROUND

¶2 On June 2, 2017, Mr. Simpson was arrested in Texas County, Oklahoma. As set forth in the Information filed on June 5, 2017, Mr. Simpson was charged in Texas County Case No. CF-2017-181 with one felony count of possession of a controlled dangerous substance, marijuana, in addition to four other counts.

¶3 As set forth in the Felony Plea filed in November 2018, Mr. Simpson ultimately pled no contest to this possession charge, but the four other counts were dismissed. This is reflected in the Judgment and Sentence filed in February 2019.[1]

¶4 An Abstract of Court Record was subsequently sent to the Oklahoma Department of Public Safety (DPS). The Abstract states that Mr. Simpson committed the crime of "possess[ion] [of] marihuana (using motor vehicle) (2nd or subsequent)." (Emphasis added.)

¶5 Upon receiving the Abstract, DPS issued an order immediately revoking Mr. Simpson's driver's license for a period of 36 months pursuant to 47 O.S. Supp. 2013 § 6-205, which provides, in pertinent part, as follows:

A. [DPS] shall immediately revoke the driving privilege of any person, whether adult or juvenile, upon receiving a record of conviction, in any municipal, state or federal court within the United States of any of the following offenses, when such conviction has become final:

. . . ;

6. A misdemeanor or felony conviction for unlawfully possessing, distributing, dispensing, manufacturing, trafficking, cultivating, selling, transferring, attempting or conspiring to possess, distribute, dispense, manufacture, traffic, sell, or transfer of a controlled dangerous substance as defined in the Uniform Controlled Dangerous Substances Act while using a motor vehicle[.]

(Emphasis added.)

¶6 Mr. Simpson initiated the present case by filing a Petition for Appeal or Modification challenging the DPS revocation in the district court. His primary argument is that because nothing in the Judgment and Sentence or in the Plea indicates he committed his crime while using a motor vehicle, his license was improperly revoked under § 6-205.

¶7 In its order filed in November 2019, the district court sustained the revocation of Mr. Simpson's driver's license and also denied Mr. Simpson's request for modified driving privileges.

¶8 Mr. Simpson now appeals from that portion of the district court's order sustaining the revocation of his driver's license.

STANDARD OF REVIEW

¶9 The issues presented on appeal are issues of statutory interpretation. Issues of statutory interpretation are issues of law and, thus, are reviewed de novo. "Statutory interpretation is a question of law and is subject to de novo review. . . . De novo review is a 'non-deferential, plenary, and independent review of the trial court's legal ruling.'" Raymond v. Taylor, 2017 OK 80, ¶ 9, 412 P.3d 1141 (citations omitted).

ANALYSIS

I. Preliminary Issue Regarding Scope of Review

¶10 In a Court Minute filed in September 2019, the district court concluded it "is not vested with original jurisdiction to hear this appeal." This determination, however, is not reflected in the district court's final order on appeal, nor does DPS assert in its Answer Brief that the district court lacked jurisdiction. DPS argues, instead, that district courts "have incredibly limited jurisdiction in these post-conviction matters" involving mandatory revocations.

¶11 Mr. Simpson filed his Petition for Appeal or Modification in the district court pursuant to 47 O.S. 2011 & Supp. 2019 § 6-211. Section 6-211 provides, in part, as follows:

A. Any person denied driving privileges, or whose driving privilege has been canceled, denied, suspended or revoked by [DPS], except where such cancellation, denial, suspension or revocation is mandatory, under the provisions of Section 6-205 of this title, or disqualified by [DPS], under the provisions of Section 6-205.2 or 761 of this title, shall have the right of appeal to the district court as hereinafter provided.

(Emphasis added.)[2] However, § 6-211 further provides as follows:

F. Upon a hearing relating to a revocation or disqualification pursuant to a conviction for an offense enumerated in Sections 6-205, 6-205.2 or 761 of this title, the court shall not consider the propriety or merits of the revocation or disqualification action, except to correct the identity of the person convicted as shown by records of [DPS].

47 O.S. Supp. 2019 § 6-211(F) (emphasis added).[3]

¶12 Pursuant to § 6-211(F), we agree with DPS that it is the intent of § 6-211 that district courts have jurisdiction to undertake a review, albeit a limited one, of driver's license revocations made pursuant to the mandatory provisions in § 6-205.[4] We conclude that this review consists of verifying that the appropriate correlation exists between the person challenging the mandatory revocation, on the one hand, and a conviction necessitating mandatory revocation, on the other.

II. While Using a Motor Vehicle

¶13 DPS issued its order revoking Mr. Simpson's driver's license on the basis that the Abstract from Texas County stated he received a felony conviction for unlawfully possessing a controlled dangerous substance while using a motor vehicle. As stated above, however, nothing in the Judgment and Sentence or in the Plea indicates Mr. Simpson committed his crime while using a motor vehicle. Even in the lengthiest description of the crime in these documents (set forth in the "Offer of Proof" in the Plea), it is merely stated: "On June 2, 2017 in Guymon, OK, Defendant had possession of marijuana without lawful excuses after previous controlled substances convictions . . . ." Although the Plea states that the court found "[a] factual basis exists for the plea[]," no mention is made in the Plea or Judgment and Sentence of the use of a motor vehicle or that the possession occurred while using a motor vehicle.

¶14 DPS asserts on appeal that "[d]espite the contents of the actual final order of the . . . criminal findings, the Texas County Court Clerk sent to DPS an abstract marking a plea of guilty" that states the possession conviction occurred while using a motor vehicle. DPS states that "a court clerk is responsible for sending an abstract to DPS after a conviction of [a] moving traffic offense," and "[t]he Texas County Court Clerk, per their duty, sent to DPS an abstract which reflected a conviction of possession of marijuana while operating a motor vehicle." DPS states: "The judgment and sentence in the criminal case may not have mentioned the offense being done 'while operating a motor vehicle'; however, the abstract did and [that] is what DPS is bound to adhere to." DPS states that Mr. Simpson is effectively arguing that "there be a mandate that DPS change its policy to include researching every final order that stems from a conviction while operating a motor vehicle. That would be practically impossible and in complete disregard [of] statute."

¶15 Although it may be prudent and efficient for DPS to rely on the description of crimes provided by court clerks in the abstracts, we conclude that a § 6-205(A)(6) revocation may, nevertheless, be successfully challenged on appeal if DPS is unable to show that that description is supported by the underlying plea and judgment.[5]

¶16 In the present case, and regardless of the contents of preliminary documents, such as the dismissed charges, in the underlying criminal proceeding,[6] it is undisputed that the Plea and the Judgment and Sentence fail to support the description of the conviction in the abstract with regard to the use of a motor vehicle. As stated above, although the scope of review on appeal from mandatory license revocations of the kind at issue in the present case is limited under 47 O.S. § 6-211(F), that review includes the ability to examine the correlation between the person challenging the license revocation and a conviction necessitating such a revocation. In the absence of any resolution regarding the issue of the use of a motor vehicle in the Plea or the Judgment and Sentence, we conclude Mr. Simpson's license was improperly revoked under 47 O.S. § 6-205(A)(6) for unlawfully possessing a controlled dangerous substance while using a motor vehicle.[7]

CONCLUSION

¶17 We reverse the district court's order filed in November 2019, and hereby reinstate Mr. Simpson's driving privileges.

¶18 REVERSED.

RAPP, J., and FISCHER, J., concur.

FOOTNOTES

[1] Due to the existence of prior offenses, Mr. Simpson was "sentenced to a term of 10 years in the state penitentiary . . . with all but the first 60 days suspended pursuant to the rules and conditions of probation as entered by the court, with credit for time served."

[2] Separate divisions of this Court have interpreted § 6-211(A) to imply that district courts lack jurisdiction to review appeals from mandatory revocation orders. See Phillips v. State ex rel. Department of Public Safety, 1992 OK CIV APP 51, ¶¶ 9 & 10, 831 P.2d 3 (Citing only to subsection A of § 6-211, the Phillips Court stated it "agree[s] with DPS that the district court had no jurisdiction to hear Phillips' appeal" "from a drivers license revocation mandated by 47 O.S. Supp. 1990 § 6-205(A)(2)."); Williams v. State ex rel. Dep't of Pub. Safety, 1990 OK CIV APP 27, ¶ 9, 791 P.2d 120 (Citing only to subsection A of § 6-211, the Williams Court stated that "when an enumerated felony conviction occurs a license revocation becomes mandatory without the right to appeal to the district court," and "[DPS's] revocation is simply a ministerial function after 'receiving a record of such operator's or chauffeur's conviction.'" (footnote omitted)).

[3] The same provision was previously set forth in 47 O.S. 2011 § 6-211(G).

[4] Such review was undertaken in a recent appeal that arose from a prior revocation order against Mr. Simpson. In Simpson v. Commissioner of Department of Public Safety, 2018 OK CIV APP 28, 416 P.3d 1078, although the Court did not explicitly address this issue, the Court reviewed DPS's previous mandatory revocation of Mr. Simpson's driver's license to, among other things, ensure that it complied with the mandatory revocation statute. Our interpretation of the relevant statutory provisions is also roundly supported by the Court's reasoning in Kennedy v. State, ex rel., Department of Public Safety, 2005 OK CIV APP 35, 114 P.3d 499, as follows:

The limitation imposed by preclusion of an appeal [in cases such as Phillips, 1992 OK CIV APP 51,] proceeds with the assumption that a conviction exists. Thus when, as in Phillips, a conviction has in fact occurred and a revocation of the convicted person's driving privilege is a consequence of the conviction, then the act of revocation is immune from judicial review according to the statute.

This immunity does not apply when the question is whether a conviction exists. Thus, if the driver is challenging the premise for the revocation, that is, the existence of a conviction, then the statute does not preclude an appeal on that narrow issue.

Therefore, this Court holds that the district court has a limited range of jurisdiction to hear Kennedy's case.

Kennedy, ¶¶ 17-19 (footnote omitted).

[5] We note that 47 O.S. 2011 § 18-101(D) provides that an "abstract" sent to DPS from a judicial officer of the jurisdiction of the criminal proceeding is to be on a form furnished by DPS, and, moreover, it appears to mandate that the abstract "shall include . . . the plea" and "the judgment." That is, § 18-101(D) states: "The abstract shall be made upon a form furnished by [DPS] and shall include," among other things, "[t]he nature and date of the offense, the date of hearing, the plea, the judgment, or, if bail was forfeited, the amount of the fine or forfeiture[.]" It would make little sense to interpret the use of the word "or" in § 18-101(D) as indicating that, for example, providing "the date of hearing" alone satisfies its demands; rather, it appears that the word "or" is used here to separate those circumstances in which "bail was forfeited" -- in which case the abstract shall contain "the amount of the fine or forfeiture" -- but in all other circumstances the abstract shall include "[t]he nature and date of the offense, the date of hearing, the plea, [and] the judgment[.]"

[6] Mr. Simpson was charged with, for example, failure to wear a seat belt and improper tag, but these charges were dismissed. What is clear is that there is absolutely no indication in the Plea or the Judgment and Sentence of the use of a motor vehicle, and this issue of fact (as to whether Mr. Simpson committed his crime "while using a motor vehicle") remains unresolved. See Kennedy, 2005 OK CIV APP 35, ¶ 26 ("All convictions require an adjudication of guilt by a court based upon a plea or a verdict." (citation omitted)).

[7] Having reached this determination on statutory grounds, we need not address Mr. Simpson's due process argument. See Brown v. Claims Mgmt. Res. Inc., 2017 OK 13, ¶ 26, 391 P.3d 111 ("This Court notes a general rule: where legal relief is available on alternative, non-constitutional grounds, we avoid reaching a determination on the constitutional basis.").






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1990 OK CIV APP 27, 791 P.2d 120, 61 OBJ 1503, Williams v. State ex rel. Dept. of Public Safety
Discussed
 1992 OK CIV APP 51, 831 P.2d 3, 63 OBJ 1725, Phillips v. State ex rel. Dept. of Public Safety
Discussed at Length
 2005 OK CIV APP 35, 114 P.3d 499, KENNEDY v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed at Length
 2018 OK CIV APP 28, 416 P.3d 1078, SIMPSON v. COMMISSIONER OF DEPT. OF PUBLIC SAFETY
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2017 OK 13, 391 P.3d 111, BROWN v. CLAIMS MANAGEMENT RESOURCES INC.
Discussed
 2017 OK 80, 412 P.3d 1141, RAYMOND v. TAYLOR
Discussed
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 6-211, Right of Appeal to Court
Discussed at Length
 47 O.S. 6-205, Mandatory Revocation of License by Department
Discussed at Length
 47 O.S. 18-101, Record of Traffic Cases - Report of Convictions to Department
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA