Sharon Marie DABLEMONT, Appellee,

v.

STATE of Oklahoma, DEPARTMENT OF PUBLIC SAFETY, Appellant.

No. 47097.

Supreme Court of Oklahoma.

Dec. 2, 1975.

Thomas W. Whalen, Tulsa, for appellee.

Stephen G. Fabian, Jr., Oklahoma City, for appellant.

IRWIN, Justice:

The Department of Public Saftey (appellant) revoked the driver's license of appellee Sharon Marie Dablemont (licensee), under 47 O.S.1971, §§ 751–760 [Oklahoma Implied Consent Law]. The district court reversed the order of revocation and remanded the cause for further proceedings. Appellant appealed.

The district court held that 47 O.S.1971, § 753, "insofar as it provides for the summary revocation of a suspected drunk's driver's license upon the mere failure of the suspect to submit to a chemical blood-alcohol test, and in advance of any prior notice to or opportunity to be heard at an adversary proceeding by the suspected drunken driver is unconstitutional as violative of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution."

Licensee was arrested for an alleged traffic violation and refused to submit to a chemical test. Thereafter, the arresting officer submitted a sworn report to appellant stating that he had reasonable grounds

to believe licensee had been driving a motor vehicle upon the public highways while under the influence of alcohol and licensee had refused to submit to chemical testing.

On May 18, 1973, appellant mailed notice to licensee advising her of the officer's sworn statement and that:

"* * * under the authority of Title 47, Section 753 * * * your privilege to operate a motor vehicle in this State is hereby REVOKED for a period of six (6) months, effective: *May 28, 1973.*

"You are directed to immediately mail any and all driver's license or permits in your possession, * * * to this Department * * * or you may surrender same to an authorized member of this Department. Failure to comply with this directive is punishable by law."

Upon receipt of the above notice, licensee retained counsel. Licensee's attorney, prior to the revocation becoming effective, made a request pursuant to 47 O.S.1971, § 754, for an administrative hearing on appellant's decision to revoke. Licensee's request was granted and revocation of her driver's license was stayed pending the outcome of the hearing.

The revocation order was sustained at the administrative hearing and licensee appealed the order of revocation to the district court. The district court's order reversing the order of appellant on constitutional grounds and remanding for further proceedings is presented on appeal.

If, in fact, licensee's driver's license had been effectively revoked or she had been effectively deprived of her driving privileges, we might have to consider the effect of *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed. 90 (1971), in connection with the constitutionality of our implied consent laws. In *Bell,* the United States Supreme Court reviewed the administrative and judicial proceedings under Georgia's motor vehicle safety responsibility statute, which provided for the suspension of driving privileges when a licensee became involved in an accident and failed to post security to cover the damages. The Court held, inter alia, that any state action to terminate an entitlement, whether denominated a "right" or a "privilege", must conform to the minimal requirements of due process. The essential due process requirements discussed in the *Bell* decision include the operative considerations in this case. Those are, in the words of the Supreme Court.

"* * *, it is fundamental that except in emergency situations * * * due process requires that when a State seeks to terminate an interest such as that here involved, it must afford 'notice and opportunity for hearing appropriate to the nature of the case' before the termination becomes effective." (citations omitted).

The case at bar does not present an emergency situation and under 47 O.S. 1971, § 753, a driver's license shall be revoked for failure to submit to the alcohol test. The statute requires no notice or hearing before the revocation. However, the uncontroverted facts show that licensee's driver's license has never been effectively revoked and she has never been effectively deprived of her driving privileges. Therefore, if § 753 is constitutionally infirm within the purview of *Bell,* supra, such unconstitutionally has not deprived licensee of any constitutional right. Neither has licensee been deprived of any constitutional right under the equal protection clause of the United States Constitution.

A statute may not be attacked on constitutional grounds by one not injured thereby. In re *Mayes-Rogers Counties Conservancy District v. Barnes,* Okl., 386 P.2d 150 (1963). Constitutional judgments are justified only out of necessity of adjudicating rights in particular cases between litigants brought before the court. *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973).

The question of inherent statutory denial of procedural due process raised by a litigant who has in fact been afforded procedural due process was considered by the United States Supreme Court in *Jennings v. Mahoney* (1971), 404 U.S. 25, 92 S.Ct.

180, 30 L.Ed.2d 146. In affirming the Supreme Court of Utah, [26 Utah 2d 128, 485 P.2d 1404], the Court said:

"There is plainly a substantial question whether the Utah statutory scheme on its face affords the procedural due process required by *Bell v. Burson.* This case does not, however, require that we address that question. The District Court in fact afforded this appellant such procedural due process. That court stayed the Director's suspension order pending completion of judicial review, and conducted a hearing at which appellant was afforded the opportunity to present evidence and cross-examine."

Licensee has not been deprived of any constitutional rights and she may not attack our Implied Consent Laws on Constitutional grounds.

Judgment reversed and remanded for further proceedings not inconsistent with the opinion of this Court in *Application of Baggett,* Okl., 531 P.2d 1011 (1974).

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, BERRY, LAVENDER, BARNES and DOOLIN, JJ., concur.

SIMMS, J., concurs in results.