TYSON, Judge.
James Earl Bettis was indicted by the Wilcox County Grand Jury for leaving the scene of an accident in violation of § 32-10-2, Code of Alabama 1975, and for manslaughter in violation of § 13A-6-3, Code of Alabama 1975.
The appellant was found guilty of leaving the scene of an accident and of criminally negligent homicide. The appellant was sentenced to 10 years’ imprisonment in the state penitentiary for leaving the scene of an accident and to one year in the Wilcox County Jail for criminally negligent homicide. The one-year sentence is to run concurrently with the 10-year sentence. *1136 The appellant raises two issues in brief which are set out herein.
I
The appellant alleges that the felony punishment for the offense of leaving the scene of an accident violates one’s Fourteenth Amendment right to due process of law because there is no scienter requirement. The appellant bases this contention on the proposition that § 32-10-2, Code of Alabama 1975 is a strict liability statute.
Section 13A-2-3, Code of Alabama 1975 states the following:
“The minimum requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is physically capable of performing. If that conduct is all that is required for commission of a particular offense, or if an offense or some material element thereof does not require a culpable mental state on the part of the actor, the offense is one of ‘strict liability’. If a culpable mental state on the part of the actor is required with respect to any material element of an offense, the offense is one of ‘mental culpability.’ ”
Section 13A-2-4, Code of Alabama 1975 states the following:
“(b) Although no culpable mental state is expressly designated in a statute defining an offense, an appropriate culpable mental state may nevertheless be required for the commission of the offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such culpable mental state. A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability states a crime of mental culpability.” (Emphasis added).
Section 32-10-2, Code of Alabama 1975 contains no language indicating that this is a strict liability statute. The issue of the appellant’s culpability is an issue which was properly presented to the trial jury, which rendered a verdict against this appellant. See, State v. Self, 492 So.2d 319 (Ala.Crim.App.1986).
II
The appellant alleges that the trial court erred in instructing the jury that guilt could be found where the appellant “should have known that the injury had flowed from the accident.”
The following is the trial court’s charge to the jury:
“Now to sustain the charge of leaving the scene of an accident in this case as charged in Count One, the State must prove, one, that Willie Earl James is dead. Two, that Charles Earl Bettis caused the death of Willie Earl James by striking him with a motor vehicle. Three, that Charles Earl Bettis knew or should have known that he caused the death of Willie Earl James. And, four, that the said Charles Earl Bettis, failed to stop the vehicle and render assistance as required by statute.
“Now I use the terms ‘knew’ or ‘should have known’. Necessarily (sic) is an essential element of this crime. This does not mean that the person should have possessed knowledge to the extent of damage or injuries inflicted. It does mean that in order to be guilty of violating the statute, the driver must be aware that harm had been done. It must be present in his mind that there has been an injury and then, with that in mind, he must deliberately go away without making hisself (sic) known. If an injury is inflicted under such circumstances, it would ordinarily superinduce belief in a reasonable person that injury would flow or had flowed from the accident or collision then it is the duty of the operator to stop his vehicle. Now, in this case, there are two counts contained in the indictment charging the Defendant in Count One with the offense of leaving the scene of the accident and in Count Two with the offense of manslaughter.” (R. 152-153).
The trial court’s charge to the jury is proper. “If an injury is inflicted under such circumstances as would ordinarily *1137 superinduce the belief in a reasonable person that injury would flow, or had flowed, from the accident or collision, then it is the duty of the operator to stop his vehicle.” Touchtone v. State, 42 Ala.App. 141, 155 So.2d 349 (1963).
For this reason and those cited, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.