229 P.3d 584 (2010)
2010 OK CIV APP 11
Nicholas E. MARTINEZ, Plaintiff/Appellee,
v.
STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellant.
No. 107323. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 2.
Court of Civil Appeals of Oklahoma, Division No. 2.
December 30, 2009.
*585 Gordon R. Melson, Seminole, OK, for Plaintiff/Appellee.
Brian K. Morton, Assistant General Counsel, Department of Public Safety, Oklahoma City, OK, for Defendant/Appellant.
JANE P. WISEMAN, Vice Chief Judge.
¶ 1 State of Oklahoma ex rel. Department of Public Safety (DPS) appeals the trial court's order denying DPS's motion for new trial after having entered an order directing DPS to permit an administrative hearing on a notice of revocation of a driver's license issued to Nicholas E. Martinez (Plaintiff). Based on our review of the facts and law, we affirm.

FACTS AND PROCEDURAL BACKGROUND
¶ 2 On October 31, 2008, the Asher Police Department issued Plaintiff an "Officer's Affidavit and Notice of Revocation/Disqualification" (notice of revocation) of his driver's license based on the results of a blood-alcohol test. Although the notice of revocation issued to Plaintiff contained a notice that his driver's license would be revoked within 30 days from service of the notice, it did not inform him of his right to request an administrative hearing on the revocation.
¶ 3 Plaintiff testified he did not become aware of his right to request an administrative hearing until January 2009 when he hired counsel to represent him. On January 21, 2009, Plaintiffs counsel sent a letter to DPS requesting an administrative hearing on the notice of revocation. The letter stated that even though the statutory time in which to request a hearing had expired, Plaintiff was never given any oral or written notice of his right to request a hearing. In response, DPS denied Plaintiffs request for an administrative hearing because Plaintiff failed to make a written request within 15 days after receiving the notice of revocation.
¶ 4 On February 18, 2009, Plaintiff filed his petition appealing the revocation to the Pottawatomie County District Court. His petition alleges that the notice of revocation "failed to inform [him] of his right to request an Administrative Hearing on the revocation within fifteen (15) days, and he therefore was unaware of that time requirement until he consulted with counsel in January 2009." Plaintiff asked the district court to direct DPS to restore his driver's license or, alternatively, order DPS to modify the revocation/suspension "to allow him continued driving privileges during the period of revocation/suspension."
¶ 5 On April 20, 2009, Plaintiff filed an instrument entitled "Brief of Plaintiff arguing that the notice of revocation provided to him at the time of his arrest "was facially defective causing him in effect to waive his right to an administrative hearing allowing [DPS] to revoke his driver's license without due process." Plaintiff contended that 47 O.S. Supp.2008 § 754 requires the arresting officer to notify the driver both of the license revocation and of the right to request an administrative hearing within 15 days after service of the revocation notice. Plaintiff argued that the arresting officer gave him only the front page of the form and not the back page that customarily would have informed him of this right to request an administrative hearing.
¶ 6 On May 4, 2009, the district court ordered DPS to provide Plaintiff an administrative hearing on the notice of revocation and restore his driving privileges pending the outcome of the DPS Appeal Hearing. Specifically, the district court held as follows:
7. The Court finds that the request in the Petition ... [is] sufficient to raise the issue of an improper Notice for failure to inform the Plaintiff of his right to request an Administrative Hearing within fifteen (15) days after the issuance of the Order of Revocation.
8. The Court finds that the Notice issued to Plaintiff was different from all other forms prescribed by Defendant during that time period, in that it contained no second sheet (usually found on the reverse side of the Notice), where the Notice of a right to *586 request an Administrative Hearing within fifteen (15) days was set out.
¶ 7 On May 14, 2009, DPS filed a "Motion for New Trial/Reconsideration and Brief in Support" arguing the district court erred in finding that 47 O.S. Supp.2008 § 754(D) requires DPS to notify a licensee of the right to request an administrative hearing within 15 days. DPS also argued that the above paragraph 8 of the district court's May 4, 2009, order contained facts and findings not introduced during trial, thus depriving DPS of the right to challenge this evidence.[1] Plaintiff responded arguing the district court was correct in its ruling and that DPS's motion should be denied.
¶ 8 On June 17, 2009, Plaintiff filed a "Motion to Supplement the Record" requesting the district court to "consider a copy of an `Officer's Affidavit & Notice of Revocation Form' that was in use at the time of this case and is now in dispute by [DPS]." On June 19, 2009, the district court denied both DPS's motion for new trial and Plaintiffs motion to supplement the record. DPS appeals.

STANDARD OF REVIEW
¶ 9 "A district court exercises broad legal discretion when it considers a motion for new trial." Ward v. State ex rel. Dep't Pub. Safety, 2006 OK CIV APP 1, ¶ 10, 127 P.3d 643, 644. "Unless the court either clearly erred in resolving a `pure simple question of law' or acted arbitrarily, we will not disturb its refusal to grant a new trial." Id. (quoting Dominion Bank of Middle Tenn. v. Masterson, 1996 OK 99, ¶ 16, 928 P.2d 291, 294).
¶ 10 To determine whether the trial court abused its discretion in refusing to grant the motion for new trial, we must examine the trial court's decision to set aside the revocation of Plaintiffs driver's license pending the outcome of the DPS appeal hearing. Ward, 2006 OK CIV APP 1 at ¶ 12, 127 P.3d at 645. "When reviewing an order on an implied consent revocation, this Court may not reverse or disturb the trial court's decision unless it is erroneous as a matter of law or without `sufficient evidentiary foundation.' " Id. at ¶ 12, 127 P.3d at 645 (quoting Abdoo v. State ex rel. Dep't of Pub. Safety, 1990 OK CIV APP 2, ¶ 11, 788 P.2d 1389, 1393). We also review de novo a legal question regarding statutory interpretation, i.e., "a non-deferential, plenary and independent review of the trial court's legal ruling." Heffron v. District Court of Oklahoma County, 2003 OK 75, ¶ 15, 77 P.3d 1069, 1076.

ANALYSIS
¶ 11 DPS contends the trial court erred as a matter of law in finding that "47 O.S. § 754(D) requires an individual be given notice of the opportunity to have an administrative hearing."[2] DPS argues that the trial *587 court interpreted the word "notice" in § 754(D) and § 2-116 "to refer to notice of an opportunity to be heard." DPS asserts, however, that the "plain meaning of the language shows that the word `notice' used in 754(D) is referring to notice of revocation or denial, not notice of the right to an administrative hearing." Because the notice of revocation provided notice to Plaintiff that his driver's license privileges had been revoked and provided notice that this document was a "`receipt and temporary driver's license which is valid for 30 days'" from service of notice, DPS argues the statutory notice requirement in § 754 was met.[3]
¶ 12 In response to this argument, Plaintiff contends the notice of revocation must include both a "notice" that a driver's license will be revoked within 30 days and a notice of the right to an administrative hearing in order to comply with due process and the "Legislative intent in enacting the Implied Consent Statute 47 O.S. § 754."
¶ 13 A driver's license is a property interest protected by due process safeguards contained directly within the regulations. "[T]he right to a driver's license is a protectable property interest which may not be terminated without due process, but such due process rights are built into the regulatory, procedures for the revocation of driver's licenses." Burris v. State ex rel. Dep't of Pub. Safety, 1989 OK CIV APP 64, ¶ 8, 785 P.2d 332, 334; see also Price v. Reed, 1986 OK 43, ¶ 11, 725 P.2d 1254, 1260 ("One's claim to a driver's license is indeed a protectable property interest that may not be terminated without due process guaranteed by the Fourteenth Amendment." (Footnote omitted.))
¶ 14 The Oklahoma Supreme Court in Robertson v. State ex rel. Lester, 1972 OK 126, 501 P.2d 1099, addressed the constitutional due process requirement of Oklahoma's Implied Consent Law finding that the "Implied Consent Law conforms to the constitutional due process requirement by providing notice and opportunity for hearing, providing for administrative hearing subject to judicial review and applying to all licensed motorists in an identical manner." Id. at ¶ 12, 501 P.2d at 1101 (emphasis added).
¶ 15 In Dablemont v. State of Oklahoma Department of Public Safety, 1975 OK 162, 543 P.2d 563, the Oklahoma Supreme Court again addressed constitutional challenges asserted against the Implied Consent Law. Although in the final analysis the Supreme Court did not address the constitutional challenges because the licensee lacked standing, it noted that if the licensee did have standing, consideration of the impact of the United States Supreme Court case of Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) "might" be necessary. Dablemont, 1975 OK 162 at ¶ 7, 543 P.2d at 564. The United States Supreme Court in Bell set forth minimal due process requirements for driver's license revocation cases finding that except in emergency situations, due process requires that a State must give "`notice and opportunity for hearing appropriate to the nature of the case' before the termination becomes effective." Bell, 402 U.S. at 542, 91 S.Ct. at 1591 (quoting Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656-67, 94 L.Ed. 865 (1950)); see also Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972) ("[T]he central meaning of procedural *588 due process has been clear: `Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.'")
¶ 16 It is fundamental that "due process of law" includes more than a party's right or opportunity to be heard; "it begins with a party's right to notice of the pendency of the action against them, and of the nature of any relief sought." Baker v. Baker, 1995 OK CIV APP 111, ¶ 14, 904 P.2d 616, 619. "The classic statement of constitutionally adequate notice is that which is reasonably calculated, under the circumstances, to inform interested persons of the pending litigation and to afford them an opportunity to advocate their interest in the cause." Jones v. Integris Baptist Med. Ctr., 2008 OK CIV APP 14, n. 7, 178 P.3d 191.
¶ 17 DPS does not challenge the constitutionality of 47 O.S. Supp.2008 § 754, but it does contend that the trial court misinterpreted the notice requirements set forth in this provision. Plaintiff, in contrast, asserts that the trial court properly interpreted the statute and that DPS's statutory interpretation conflicts with the legislative purpose and intent of the Implied Consent Statute in that "it would offend due process and dismiss the necessary constitutional safeguards." Plaintiff argues a violation of due process occurred when DPS failed to notify him that he had a right to request an administrative hearing.
¶ 18 "A principal object of statutory construction is to determine the legislative intent from an analysis of the whole act." Maule v. Independent Sch. Dist. No. 9 of Tulsa County, 1985 OK 110, ¶ 11, 714 P.2d 198, 203 (footnote omitted). "It is a wellaccepted rule of statutory construction that a presumption of constitutionality must be applied. If a statute is susceptible of two constructions, one which will uphold the Act and its constitutionality, while the other will strike it down, it is our duty to apply the former course." Id. at ¶ 13, 714 P.2d at 204.
¶ 19 We find that when read together with all of its provisions, the statute requires DPS to give a licensee both notice of the revocation and notice of the licensee's right to request an administrative hearing which affords a licensee the due process protections contemplated by the legislature. Our conclusion today both upholds legislative intent and is consistent with previous findings made by the United States Supreme Court and the Oklahoma Supreme Court.
¶ 20 The trial court properly interpreted the statute to require DPS to give both notice of the revocation and notice of the licensee's right to request an administrative hearing. The record shows Plaintiff was not given notice of his opportunity for a hearing, and the trial court properly ordered DPS to provide Plaintiff with such a hearing. We affirm its decision.

CONCLUSION
¶ 21 We find the trial court correctly ordered DPS to provide an administrative hearing on a notice of revocation of Plaintiffs driver's license and correctly denied DPS's motion for new trial.
¶ 22 AFFIRMED.
BARNES, P.J., and GOODMAN, J., concur.
NOTES
[1] We note that because DPS does not assert these arguments on appeal, we will not consider them.
[2] This provision states:

D. Upon the written request of a person whose driving privilege has been revoked or denied by notice given in accordance with this section or Section 2-116 of this title, the Department shall grant the person an opportunity to be heard if the request is received by the Department within fifteen (15) days after the notice. The sworn report of the officer, together with the results of any test or tests, shall be deemed true, absent any facial deficiency, should the requesting person fail to appear at the scheduled hearing. A timely request shall stay the order of the Department until the disposition of the hearing unless the person is under cancellation, denial, suspension or revocation for some other reason. The Department may issue a temporary driving permit pending disposition of the hearing, if the person is otherwise eligible. If the hearing request is not timely filed, the revocation or denial shall be sustained.
47 O.S. Supp.2008 § 754.
Section 2-116 of Title 47 states in part:
Whenever the Department of Public Safety is authorized or required to give any notice under this act or other law regulating the operation of vehicles, unless a different method of giving such notice is otherwise expressly prescribed, such notice shall be given either by personal delivery thereof to the person to be so notified or by deposit in the United States mail of such notice in an envelope with first class postage prepaid, addressed to such person at the address as shown by the records of the Department. The giving of notice by mail is complete upon the expiration of ten (10) days after such deposit of said notice. Proof of the giving of notice in either such manner may be made by the certificate of any officer or employee of the Department or affidavit of any person over eighteen (18) years of age, naming the person to whom such notice was given and specifying the time, place and manner of the giving thereof.
47 O.S. Supp.2008 § 2-116 (footnote omitted).
[3] This provision states:

B. If the evidence of driving privilege surrendered to or seized by the officer has not expired and otherwise appears valid, the officer shall issue to the arrested person a dated receipt for that driver license, permit, or other evidence of driving privilege on a form prescribed by the Department of Public Safety. This receipt shall be recognized as a driver license and shall authorize the arrested person to operate a motor vehicle for a period not to exceed thirty (30) days. The receipt form shall contain and constitute a notice of revocation of driving privilege by the Department effective in thirty (30) days. The evidence of driving privilege and a copy of the receipt form issued to the arrested person shall be attached to the sworn report of the officer and shall be submitted by mail or in person to the Department within seventy-two (72) hours of the issuance of the receipt. The failure of the officer to timely file this report shall not affect the authority of the Department to revoke the driving privilege of the arrested person.
47 O.S. Supp.2008 § 754.