OSCN Found Document:MACHACEK v. OKLAHOMA DEPT. OF PUBLIC SAFETY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MACHACEK v. OKLAHOMA DEPT. OF PUBLIC SAFETY
2015 OK CIV APP 9
Case Number: 112634
Decided: 08/20/2014
Mandate Issued: 01/23/2015
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2015 OK CIV APP 9, __ P.3d __

 

RICHARD MACHACEK, Plaintiff/Appellant,
v.
OKLAHOMA DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellee.



APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE JAMES B. CROY, JUDGE



AFFIRMED



John B. Boozer, Mazaheri Law Firm, Oklahoma City, Oklahoma, for Appellant,
Brian K. Morton, Assistant General Counsel, Department of Public Safety, Oklahoma City, Oklahoma, for Appellee.




Larry Joplin, Presiding Judge:


¶1 Plaintiff/Appellant Richard Machacek (Plaintiff) seeks review of the trial court's order affirming the order of the Defendant/Appellee Oklahoma Department of Public Safety (DPS) to disqualify his commercial drivers license (CDL). In this appeal, Plaintiff asserts the trial court erred as a matter of fact and law in construing the relevant Oklahoma statutes to permit disqualification of his commercial drivers license.

¶2 The facts of this case are undisputed. Plaintiff was a self-employed truck driver and the holder of an Oklahoma CDL. Plaintiff was involved in a traffic collision March 8, 2012. Plaintiff left the scene of the accident and subsequently claimed he was unaware of the accident.

¶3 On March 23, 2012, Plaintiff was charged in Oklahoma City Municipal Court with driving under the influence of drugs, leaving the scene of an accident, and improper lane change. On July 18, 2012, the other charges were dismissed and Plaintiff entered a plea of no contest to the charge of Leaving the Scene of an Accident, violating the Oklahoma City Municipal Code, §32-146,[1] in the Municipal Court of Oklahoma City.

¶4 On or about August 8, 2012, DPS issued its order disqualifying Plaintiff's CDL, effective September 9, 2012, pursuant to 47 O.S. §6-205.2(B)(4).[2] On September 10, 2012, Plaintiff commenced the instant action for review in the trial court. DPS filed a motion to dismiss, arguing 47 O.S. §6-211(G)[3] proscribed judicial review. The trial court denied the motion to dismiss.

¶5 In January 2014, the parties appeared for a hearing. Plaintiff asserted that, because the Oklahoma City Municipal Code, §32-146, to which he entered a plea of no contest, did not require proof of a "knowing" violation, but because §6-205.2(B)(4) conditioned disqualification of his commercial drivers license on the final conviction of "knowingly" leaving the scene of a collision, the disqualification of his commercial drivers license should be vacated. DPS argued that controlling emphasis on the word, "knowingly," as used in §6-205.2(B)(4), would render that section without force and defeat its clear purpose.

¶6 The trial court first observed that the Oklahoma City Municipal Code, §32-146, substantially mirrored the Oklahoma statute, 47 O.S. §10-103,[4] criminalizing the offense of failing to stop at the scene of an accident. The trial court then observed that, as part of the same Uniform Vehicle Code and Model Traffic Ordinance enacted in Oklahoma,[5] other states had enacted provisions with similar language to that contained in §10-103, and that in those states, the courts held the element of a "knowing" violation was a necessary element of the crime of leaving the scene of an accident. See, e.g., People v. Hager, 476 N.Y.S.2d 442, 445, 447 (N.Y.Co.Ct. 1984)[6]; Commonwealth v. Kauffman, 470 A.2d 634, 639-640 (Pa. Super. 1983)[7]; Haire v. State, 155 So.2d 1 (Fla. App. 1963).[8] And see, Bettis v. State, 534 So.2d 1135, 1136-37 (Ala. Cr. App. 1988)[9]; State v. Feintuch, 375 A.2d 1223, 1226-1227 (N.J. Super. A.D. 1977).[10] The trial court further observed such a construction was clearly consistent with the common law, which ordinarily required proof of scienter in every crime. See, United States v. Balint, 258 U.S. 250, 252, 42 S.Ct. 301, 303, 66 L.Ed. 604 (U.S. 1922).[11] The trial court also observed that proof of the defendant's "knowledge" of a violation was implicit in Oklahoma criminal law. See, Williams v. State, 1977 OK CR 119, ¶¶9-12, 565 P.2d 46, 49.[12] The trial court consequently held:



The Court must read the disqualification statute [47 O.S. §6-205.2(B)(4)], including the element of knowledge, and attempt to give meaning to the statute, reconciling the apparent conflict between giving each word import, and thus nullifying the entire statute, or giving the entire statute meaning, and thus ignoring the element of knowledge. . . .

. . .

It is clear that the intent of the municipal ordinance is to provide those involved in vehicle collisions with assistance and information from the others involved in that accident. To suggest that a person risks punitive liability should he not undertake something which is dependent on facts the existence of which he did not know exist is a legal fallacy. Had [Plaintiff] not entered a plea of no contest, he could have relied on his defense of lack of knowledge of the accident.

Because knowledge is an element of the crime of leaving the scene, albeit tacit, there is no conflict between the two statutes which are the subject of this dispute.

. . .

As has been stated hereinbefore, [Plaintiff's] CDL privileges were disqualified pursuant to a conviction in Oklahoma City Municipal Court of a crime which is one of those enumerated in 47 O.S. §6-205.2. . . . [U]pon the determination by the Court that [Plaintiff] indeed has been convicted of an enumerated crime under the provisions of 47 O.S. §6-205.2, the inquiry of this Court has reached its conclusion.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that the appeal contained in the Petition of [Plaintiff] be and hereby is DENIED and that the disqualification of his commercial driving privileges by the Department of Public Safety be and hereby is SUSTAINED.



Plaintiff appeals.

¶7 Issues of statutory construction constitute "a question of law that we review de novo and over which we exercise plenary, independent and non-deferential authority." Stump v. Cheek, 2007 OK 97, ¶9, 179 P.3d 606, 609. (Emphasis original.) (Footnotes omitted.) When construing statutes, we must consider relevant portions together, render every part operative, and give force and effect to each. Samson Hydrocarbons Co. v. Oklahoma Tax Com'n, 1998 OK 82, ¶15, 976 P.2d 532, 537-538; Bryant v. Com'r of Dept. of Public Safety, 1996 OK 134, ¶11, 937 P.2d 496, 500.

¶8 In his first and second propositions, Plaintiff asserts there is no conflict between the Oklahoma City Municipal Code, §32-146, the parallel statutory provision of 47 O.S. §10-103, and the disqualification provision of 47 O.S. §6-205.2(B)(4), and the trial court misapplied the rules of construction to conclude otherwise. Rather, says Plaintiff in his brief in chief, the Legislature's use of the word, "knowingly," in conjunction with the phrase, "leaving the scene of a collision" in §6-205.2(B)(4), evinces the Legislature's intent to limit disqualification of a commercial drivers license only "where more culpable conduct, due to the existence of criminal intent, or mens rea, is present," and that the uncontroverted facts did not establish his criminal intent.

¶9 In this respect, neither the Oklahoma City Municipal Code, §32-146, nor the parallel statutory provision of 47 O.S. §10-103, use the word, "knowing" or "knowingly." However, the authority cited by the trial court, including the decisions of other states with similar provisions, the common law, and Oklahoma decisional authority, all recognize that, implicit in the criminal law, is the requirement that the defendant's "knowing" violation be proven. Further, without reading both §32-146 and §10-103 as implicitly requiring proof of a "knowing" departure from the scene of an accident would impose strict criminal liability on the operator of a motor vehicle absent the operator's knowledge he or she has even been involved in an accident, the precise "legal fallacy" identified by the trial court, and we discern no legislative intent to impose strict criminal liability for leaving the scene of an accident.

¶10 That said, we refuse to endorse Plaintiff's proposed construction of §6-205.2(B) to require proof of a heightened "knowing" intent to leave the scene of an accident as a condition to disqualification under §6-205.2(B)(4). We therefore hold the trial court did not err in its application of the rules of construction, or in construing the Oklahoma City Municipal Code, §32-146, as implicitly requiring proof of a defendant's "knowing" departure from the scene of an accident, or in determining that Plaintiff's plea of no contest to the municipal charge of leaving the scene of an accident in violation of §32-146 established Plaintiff's "knowing" departure from the scene of an accident sufficient to support the disqualification of his commercial drivers license under §6-205.2(B)(4).

¶11 In his third proposition, Plaintiff asserts that, insofar as §6-205.2(B)(4)[13] and §6-211(G)[14] arguably proscribe judicial review of the administrative disqualification of a commercial drivers license by DPS in the case of a conviction for "knowingly leaving the scene of an accident," those sections work an unconstitutional deprivation of due process on commercial drivers licensees. However, "[a] statute may not be attacked on constitutional grounds by one not injured thereby," particularly, where, as here, Plaintiff was afforded the full panoply of procedural due process rights by the trial court. Dablemont v. State, Dept. of Public Safety, 1975 OK 162, ¶¶9-10, 543 P.2d 563, 564-565.[15]


¶12 The order of the trial court is AFFIRMED.



HETHERINGTON, V.C.J., and BUETTNER, J., concur.



FOOTNOTES


[1] That section provides:

(a) The driver of any vehicle involved in an accident resulting in damage to a vehicle which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible and forthwith return to and in every event remain and shall give his correct name, address, and registration number of the vehicle he is driving. Upon request and if available he shall exhibit his operator's or chauffeur's license to the driver or person attending any vehicle collided with, and if requested shall render reasonable assistance to any injured person.

(b) Any person who shall violate any of the provisions of Subsection (a) shall be punished by a fine not to exceed $500.00, or imprisonment not to exceed six months in the City jail or by both such fine and imprisonment together with the costs of such proceedings.



[2] "The Department of Public Safety shall disqualify any person from operating a Class A, B or C commercial motor vehicle for a period of not less than one (1) year upon receiving a record of conviction of any of the following disqualifying offenses, when the conviction has become final: . . . Knowingly leaving the scene of a collision which occurs while operating a Class A, B or C commercial motor vehicle, or if the person is the holder of a commercial driver license, committing the offense while operating any vehicle; . . ."



[3] "Upon a hearing relating to a revocation or disqualification pursuant to a conviction for an offense enumerated in Section 6-205, 761, or 6-205.2 of this title, the court shall not consider the propriety or merits of the revocation or disqualification action, except to correct the identity of the person convicted as shown by records of the Department."



[4] "The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of such accident until he has fulfilled the requirements of Section 10-104 of this title. . . . Any person failing to stop or comply with said requirements under such circumstances shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not to exceed Five Hundred Dollars ($500.00) or by imprisonment in the county jail for not more than one (1) year, or by both such fine and imprisonment. . . ."



[5] See, Laws 1961, p. 370.



[6] "The statute requires that the defendant '. . . knowing or having cause to know that personal injury has been caused . . . due to (his) culpability . . . or . . . accident,' leave the scene of the incident. . . . [G]iving great weight to the presumption against limited scienter, and considering the consequences of guilt of a felony with limited intent the Court concludes that 'knowingly' applies to the element of leaving the scene of an accident as well as to knowledge of the accident."



[7] "[A] driver who does not know of his involvement in an accident cannot be convicted of leaving the scene unless his lack of knowledge is unreasonable in the circumstances. We agree that this is the proper construction, and hold that the duty to stop under section 3743 arises whenever a driver knows, or in the exercise of reasonable care should know, that his vehicle has been involved in an accident. To hold otherwise would advise drivers to remain oblivious, howsoever unreasonably, to the effects of their driving on fellow motorists. The present case, in which the driver of a large truck rounded a corner too sharply and struck a stationary car, yet failed to respond to the impact or the noise of the blowing horn, illustrates the point."



[8] "The third count, charges the defendant with a failure to remain at the scene of an accident. A necessary element of that offense is scienter - the defendant's knowledge that his car had caused personal injuries or property damage. On this point the overwhelming weight of the credible evidence is that he did not know that his car had struck someone."



[9]"'If an injury is inflicted under such circumstances as would ordinarily superinduce the belief in a reasonable person that injury would flow, or had flowed, from the accident or collision, then it is the duty of the operator to stop his vehicle.'" (Citation omitted.)



[10] "The offense of leaving the scene of an accident makes little sense unless knowledge of the occurrence of an accident is part of the offense. In interpreting the statute in its pre-1967 form the Supreme Court noted that: 'Its purpose is to prohibit the automobile driver involved in an accident from evading his responsibilities by escaping or departing before his identity is made known.' This statement of policy unmistakably demonstrates that it is assumed that the person who was intended to be subject to punishment was a conscious wrongdoer one who knew that an accident had taken place but nevertheless failed to report it or render aid and assistance. Any other construction would, in our opinion, amount to imposing a duty to report and render assistance on a party totally unaware of the event necessitating those acts the accident. . . . [I]n our view, the statute must require proof of knowledge if it is to be 'construed sensibly and with due regard for the reasonable expectations of those who are subject to its terms.' Accordingly, we conclude that the mere absence of the word 'knowingly' from the current law should not be construed as evidencing a legislative intent to create a strict liability offense." (Citations omitted.)



[11] "While the general rule at common law was that the scienter was a necessary element in the indictment and proof of every crime, and this was followed in regard to statutory crimes even where the statutory definition did not in terms include it, there has been a modification of this view in respect to prosecutions under statutes the purpose of which would be obstructed by such a requirement. It is a question of legislative intent to be construed by the court. . . ." (Citation omitted.)



[12] "When the statute is silent, 'knowledge and criminal intent are generally essential if the crime involves moral turpitude, but not if it is malum prohibitum.' . . . '. . . To constitute a crime, the act must be accompanied by a criminal intent on the part of the accused. . . . [F]rom the fact a gun was found in the glove compartment, it may be presumed defendant knew of its presence and intended to operate the vehicle containing the gun. However, the presumption of criminal intent is rebuttable . . .' 'To convict defendant for carrying a firearm in a vehicle which he was operating, it was necessary not only to show defendant was in the car when the gun was there, but also it must be shown defendant knew the gun was there. . . .' We, therefore, hold that it was not the intent of the Legislature, in enacting the statute, to convict one who has no guilty intent or knowledge, and that the term 'wilfully' as used in the information and the term 'knowingly' are necessary parts of the statute language and should be explained in the jury instructions." (Citations omitted.)



[13] Footnote 2, supra.



[14] Footnote 3, supra.



[15] "The question of inherent statutory denial of procedural due process raised by a litigant who has in fact been afforded procedural due process was considered by the United States Supreme Court in Jennings v. Mahoney (1971), 404 U.S. 25, 92 S.Ct. 180, 30 L.Ed.2d 146[,] [in which case] the Court said: 'There is plainly a substantial question whether the Utah statutory scheme on its face affords the procedural due process required by Bell v. Burson[, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed. 90 (1971)]. This case does not, however, require that we address that question. The District Court in fact afforded this appellant such procedural due process. That court stayed the Director's suspension order pending completion of judicial review, and conducted a hearing at which appellant was afforded the opportunity to present evidence and cross-examine.' Licensee has not been deprived of any constitutional rights and she may not attack our Implied Consent Laws on Constitutional grounds."








 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1977 OK CR 119, 565 P.2d 46, WILLIAMS v. STATE
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2007 OK 97, 179 P.3d 606, STUMP v. CHEEK
Discussed
 1996 OK 134, 937 P.2d 496, 68 OBJ 25, Bryant v. Commissioner of Dept. of Public Safety
Discussed
 1975 OK 162, 543 P.2d 563, DABLEMONT v. STATE, DEPARTMENT OF PUBLIC SAFETY
Discussed
 1998 OK 82, 976 P.2d 532, 69 OBJ 2641, Samson Hydrocarbons Co. v. Oklahoma Tax Commission
Discussed
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 6-211, Right of Appeal to Court
Cited
 47 O.S. 6-205.2, Disqualification of Persons from Operating Commercial Motor Vehicles - Punishment for Driving While Disqualified
Discussed at Length
 47 O.S. 10-103, Accidents Involving Damage to Vehicle
Discussed at Length