SIMPSON v. COMMISSIONER OF DEPT. OF PUBLIC SAFETY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:SIMPSON v. COMMISSIONER OF DEPT. OF PUBLIC SAFETY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 SIMPSON v. COMMISSIONER OF DEPT. OF PUBLIC SAFETY
2018 OK CIV APP 28
Case Number: 115800
Decided: 03/16/2018
Mandate Issued: 04/11/2018
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2018 OK CIV APP 28, __ P.3d __

 

NATHAN TYLER SIMPSON, Appellant,
v.
COMMISSIONER OF THE DEPARTMENT of PUBLIC SAFETY, STATE OF OKLAHOMA, Appellee.

APPEAL FROM THE DISTRICT COURT OF
TEXAS COUNTY, OKLAHOMA

HONORABLE JEFF CLARK, JUDGE

AFFIRMED

Christopher Liebman, Guymon, Oklahoma, for Appellant,

Heather Poole, Oklahoma City, Oklahoma, for Appellee.

Larry Joplin, Judge:

¶1 Appellant, Nathan Simpson, seeks review of the trial court's January 27, 2017 order sustaining the revocation of his driving privileges, the suspension of which had been requested by the Department of Public Safety, due to Appellant's November 10, 2015 conviction for felony drug possession while using a motor vehicle. After the initial guilty plea, Appellant negotiated a modification of his drug possession charge and by agreement the conviction was modified to "endeavoring to possess a controlled dangerous substance" (CDS), in violation of 63 O.S. Supp.2004 §2-405. In this appeal, Appellant asserts his conviction for "endeavoring to possess a CDS" removes the offense he was convicted of from the mandatory revocation categories created by 47 O.S. Supp.2013 §6-205(A)(6).

¶2 On August 31, 2014, Appellant was stopped while driving in Texas County, Oklahoma, which resulted in his being charged with possession of a controlled dangerous substance, methamphetamine, after former conviction of two or more felonies. On November 10, 2015, Appellant initially entered a plea to the crime of possession of a control dangerous substance. In October 2016, Appellant sought post-conviction relief, requesting the opportunity to vacate his previously entered plea. On November 28, 2016, Appellant and the district attorney's office agreed Appellant's original 2015 plea could be vacated; Appellant was allowed to plea to a modified charge of endeavoring to possess CDS, in violation of 63 O.S. Supp.2004 §2-405.

¶3 After Appellant entered his original plea in November 2015, he sought dismissal of the Department of Public Safety order of revocation, stripping him of his driving privileges. This appeal from the driver's license revocation was premised on Appellant's petition for appeal or modification of his original possession plea, as Appellant argued the modified plea of "endeavoring to possess" no longer required revocation of his license under 47 O.S. Supp.2013 §6-205. The trial court disagreed and entered the appealed from order, sustaining the driver's license revocation, on January 27, 2017.

¶4 A judicial determination whether ambiguity in the language of a statute exists is a question of law. "[C]onsistent with a court's construction of alleged ambiguity in a contract, a judicial determination of the presence of more than one reasonable construction of the statutory language, i.e., ambiguity, presents a question of law because the determination that a statutory construction is reasonable is based initially on a plain meaning of the words in the statute where no fact is disputed." In re Initiative Petition No. 397, State Question No. 767, 2014 OK 23, ¶9, 326 P.3d 496, 501.

¶5 Appellant's first proposition of error asserts his conviction for "endeavoring" to possess a controlled dangerous substance is not an offense contained within the exhaustive list of drug offenses in 47 O.S. Supp.2013 §6-205(A)(6):

A. The Department of Public Safety shall revoke the driving privilege of any person, whether adult or juvenile, who, in any municipal, state or federal court within the United States, receives a deferred sentence, or a conviction, when such conviction has become final, or a deferred prosecution, for any of the following offenses:

...

6. A misdemeanor or felony conviction for unlawfully possessing, distributing, dispensing, manufacturing, trafficking, cultivating, selling, transferring, attempting or conspiring to possess, distribute, dispense, manufacture, traffic, sell, or transfer of a controlled dangerous substance as defined in the Uniform Controlled Dangerous Substances Act while using a motor vehicle[.]

Appellant argues that endeavoring to possess CDS is covered under the Uniform Controlled Dangerous Substances Act, 63 O.S. Supp.2004 §2-405, and should be enumerated under subsection six of the revocation statute, 47 O.S. §6-2-5(A)(6) and since it is not specifically listed with respect to the provisions of the revocation statute, Appellant claims the offense is exempted.

¶6 This court will engage in an examination of statutory construction "[o]nly where the legislative intent cannot be ascertained from the statutory language, i.e. in cases of ambiguity or conflict[.]" Cox v. State ex rel. Oklahoma Dep't of Human Serv., 2004 OK 17, ¶19, 87 P.3d 607, 615. Appellant insists that ambiguity exists in this case, because subsection six does not list his "endeavoring" offense in the list of the controlled substances offenses provided.

¶7 However, in examining the statute at issue in this case, 47 O.S. §6-205(A)(6), Appellant's assertions of ambiguity are not supported upon a reading of the text. Subsection six lists "unlawfully possessing" or "attempting or conspiring to possess" among the offenses that will result in mandatory revocation of driving privileges. "Endeavoring to possess a controlled dangerous substance" is subsumed within the offense of "unlawfully possessing" a controlled dangerous substance as well as in the definition of "attempting or conspiring" to possess a controlled dangerous substance.

¶8 In reading the statute's language for its "plain and ordinary meaning," Appellant is unable to explain how the ordinary meaning of "possessing" or "attempting or conspiring to possess" as the words are used in subsection six are at odds with the plain and ordinary meaning of "endeavoring" to possess a CDS. Appellant's plea to "endeavoring to possess" a controlled dangerous substance includes the words "to possess CDS," which puts it squarely in line with the listed offenses in subsection six. Further, the word "endeavor" means to try, attempt, or make a concerted effort in furtherance of a goal.[1] As a result, there is nothing about the word "endeavor" that serves to take this offense outside the terms of subsection six as Appellant contends. This ordinary definition of endeavor means that Appellant has pleaded guilty to acting in furtherance to possess a controlled dangerous substance or that he attempted to possess a controlled dangerous substance, both of which are included in the offenses listed in subsection six.

¶9 The hyper-technical or exact reading Appellant asks the court to engage in is not consistent with the court's directive to give the words of the statute their plain and ordinary meaning. The Oklahoma Supreme Court said:

In order to avoid judicially imposing a different meaning from that the Legislature intended, courts will not place a strained construction on the plain words of a statute. General words in a statute must receive a general construction, unless restrained, explained, or amplified by particular words.

Stump v. Cheek, 2007 OK 97, ¶14, 179 P.3d 606, 613. Appellant's attempt to exclude his offense from those listed in subsection six by focusing on the absence of the word "endeavor" from subsection six is asking this court to place an unwarranted and strained construction upon the language contained in the statute. Appellant's offense is clearly one for unlawfully possessing or attempting to possess a controlled dangerous substance, which is the intended reach of subsection six. We do not find any relief is warranted on this proposition of error.

¶10 Appellant's second proposition of error alleges the language used in 47 O.S. Supp.2013 §6-205(A)(3) and §6-205(A)(6) require differing standards of proof. It appears this proposition of error is intended to address an argument made by Appellee, the Oklahoma Department of Public Safety (the Department). The Department has argued that even if Appellant's "endeavoring to possess a CDS" conviction takes his offense outside those listed in §6-205(A)(6), Appellant could also have his license revoked under the terms of §6-205(A)(3).[2]

¶11 The record reveals the Department of Public Safety based its order of revocation on a violation of "felony drug possession while using a m.v." (motor vehicle) under §6-205(A)(6) and not under the more general felony terms listed in §6-205(A)(3). The record on appeal was presented with a narrative statement in lieu of a transcript, and the narrative statement does not indicate what standard of proof the trial court engaged in to reach its decision. Even so, the appellate court will not reverse the trial court's ruling if it is legally correct, whether the trial court's decision is based on faulty reasoning or not. Matter of the Estate of Pope, 1990 OK 125, 808 P.2d 640, 647. Further, the appellate court will not presume the trial court engaged in an erroneous application of the standard of proof; Appellant must affirmatively demonstrate the trial court erred. Osage Nation v. Bd. of Comm'rs of Osage County, 2017 OK 34, ¶25, 394 P.3d 1224, 1234. As a result, even if this court were to agree the standard of proof differed from subsection (A)(6) to subsection (A)(3), Appellant has not affirmatively shown any such error occurred in this proceeding. The trial court was faced with evaluating a mandatory revocation under §6-205(A)(6) and the court is presumed to have applied the correct standard of proof absent affirmative evidence to the contrary. We find no relief is warranted on this proposition of error.

¶12 Appellant's third proposition of error alleges his due process rights were violated because he received insufficient notice his conviction would result in the mandatory suspension of his driver's license. The Oklahoma Supreme Court "has determined that a person's claim to a driver's license is indeed a protected property interest entitled to application of due process standards." Fernandez v. State, 2016 OK CIV APP 82, ¶8, 389 P.3d 393, 395; Pierce v. State ex rel. Dep't of Pub. Safety, 2014 OK 37, ¶18, 327 P.3d 530, 533. "[T]he statute requires DPS to give a licensee both notice of the revocation and notice of the licensee's right to request an administrative hearing which affords a licensee the due process protections contemplated by the legislature." Martinez v. Dep't of Pub. Safety, 2010 OK CIV APP 11, ¶19, 229 P.3d 584, 588.

¶13 Appellant seems to argue he was blind-sided to discover after his "no contest" plea to the drug possession charge that his driving privileges were in jeopardy. However, the statute (47 O.S. §6-205(A)(6)) uses plain and ordinary language to describe drug possession offenses and the effect a conviction for drug possession while using a motor vehicle will have on one's driving privileges. In addition, Appellant was notified in November 2015 by the Department of Public Safety that his driving privilege was revoked and he was at liberty to request a hearing to contest the revocation order. Further, Appellant was provided a hearing in December 2016 at which the court considered his petition for appeal or modification after the charge and conviction were modified to "endeavoring to possess" a controlled dangerous substance. At no point has Appellant been denied notice of the revocation of his driving privileges, nor has he been denied an opportunity to contest the revocation, including after the point at which he and the district attorney agreed to the modified plea. Appellant has failed to demonstrate how the notice provided to him was improper and has failed to show he was denied the opportunity for a hearing to contest the revocation. We find no relief is warranted on this proposition of error.

¶14 The January 27, 2017 order of the trial court, sustaining the revocation of Appellant's driver's license is AFFIRMED.

BELL, P.J., and BUETTNER, J., concur.

FOOTNOTES

[1] The American Heritage Dictionary defines "endeavor" as a "conscientious or concerted effort toward a given end; an earnest attempt" or as a verb "to make an earnest attempt[.]" The American Heritage Dictionary 452 (2nd College Edition 1982).

[2] 47 O.S. Supp.2013 §6-205(A)(3):

A. The Department of Public Safety shall revoke the driving privilege of any person, whether adult or juvenile, who, in any municipal, state or federal court within the United States, receives a deferred sentence, or a conviction, when such conviction has become final, or a deferred prosecution, for any of the following offenses:

...
3. Any felony during the commission of which a motor vehicle is used[.]






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2010 OK CIV APP 11, 229 P.3d 584, MARTINEZ v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
 2016 OK CIV APP 82, 389 P.3d 393, FERNANDEZ v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 125, 808 P.2d 640, 61 OBJ 3191, Estate of Pope, Matter of
Discussed
 2004 OK 17, 87 P.3d 607, COX v. STATE ex rel. DEPT. OF HUMAN SERVICES
Discussed
 2007 OK 97, 179 P.3d 606, STUMP v. CHEEK
Discussed
 2014 OK 23, 326 P.3d 496, IN RE: INITIATIVE PETITION NO. 397, STATE QUESTION NO. 767
Discussed
 2014 OK 37, 327 P.3d 530, PIERCE v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
 2017 OK 34, 394 P.3d 1224, OSAGE NATION v. BD. OF COMMISSIONERS OF OSAGE COUNTY and OSAGE NATION v. OSAGE COUNTY BD. OF ADJUSTMENT
Discussed
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 6-205, Mandatory Revocation of License by Department
Discussed at Length
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-405, Prohibited Acts E- Penalties
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA